JOINER *v.* GREEN.

4-4564

Opinion delivered March 22, 1937.

L. A. Hardin, for appellant.

E. W. Moorhead, for appellee.

McHANEY, J. On January 17, 1934, the parties to this litigation entered into a real estate contract whereby

appellant sold to appellee 105 acres of land near Jacksonville, Arkansas, and certain lots in the town of Jacksonville. The consideration expressed in the written contract is as follows: ''For the consideration of one ($1.00) dollar, in hand paid, receipt whereof is hereby acknowledged by the seller, and the assumption by the purchaser of loan No. 21161 due the Federal Land Bank of St. Louis, secured by first mortgage on the above described property, together with some other lands owned by the seller, and not herein contracted to be conveyed. The balance due on above mortgage as of December 1, 1932, being $6,022.89; the assumption of this mortgage being as of 12-1-32 balance, together with such delinquencies account of principal and interest, taxes, insurance premiums or any other advances. Balance due on this mortgage is payable in semi-annual installments of $227.50 each due June and December 1st of each year.

''As a further consideration purchaser agrees to pay the sum of one thousand ($1,000) dollars which is not in addition to the $6,022.89 but is a payment on same, in the following manner, to-wit:

''Three hundred ($300) dollars at the time of signing of this contract, the receipt whereof is hereby acknowledged by the seller.

''Seven hundred ($700) dollars in the form of a note due as follows: April 1, 1934, $300; December 1, 1934, $400. Payment of said note is secured by a first mortgage on certain real estate situated in Arkansas county.

''It is further agreed by and between the parties hereto, that the proceeds of the one thousand ($1,000) dollars above mentioned is to be applied to the payment of delinquent taxes, insurance premiums, delinquent payments and interest due on above mortgage, and any other advances now due thereon; and the balance thereof is to be paid to the Federal Land Bank of St. Louis to apply on said mortgage held by the Federal Land Bank.''

Appellee further agreed to keep the taxes paid on the property purchased by him, and the improvements insured, with loss payable clause to the Federal Land Bank, and in such amount as requested by it. Time was made the essence of the contract in the prompt payment

by the appellee of all payments due on the note for $700 above mentioned, and the regular semi-annual payments due the Federal Land Bank under its mortgage, including taxes and insurance, and if default is made the appellant was given the right to treat the contract breached and was given the option to declare the entire balance due, or rescind the contract. In case of rescission, all moneys paid by appellee were to be considered as rent for the property and immediate peaceful possession was to be surrendered. The contract contains a number of other provisions, but we think the above are sufficient for the purpose of the decision in this case.

Appellant brought this action in the Pulaski circuit court, but on motion of appellee it was transferred to the chancery court, where appellant amended his complaint and sought a foreclosure on the sales contract. Appellee answered, denying that he had breached the contract with appellant and alleging the performance of his contract by the payment of the $1,000 to the Federal Land Bank, as provided therein, and that same was applied upon delinquent taxes, insurance premiums, etc., which appellant had previously failed to pay. He further alleged that appellant, by June 1, 1935, began to make demands upon him for the payment of more money, stating that there was still due from appellee the said sum of $6,022.89, and that he had not paid the $1,000 aforesaid. Appellee further alleged in his answer that there was due the Federal Land Bank under said mortgage the June 1st and December 1, 1935, interest and principal payments amounting to $367.52, to which penalty interest should be added to the delinquent installments mentioned from due dates until paid at 5 per cent.; that under amendments to the Federal Farm Loan Act, the principal portions of all semi-annual installments due on said loan may be deferred until July 1, 1938, and after deducting the two principal payments of $67.12 each, which may be deferred as aforesaid, there was past due at that time only $233.28, together with 5 per cent. interest from due date. He further alleged that on account of a fire, resulting in the destruction of a barn on the premises insured, there was

due, from the insurance company, a sum more than sufficient to take up all the delinquent balance due the Federal Land Bank. He further alleged that there was due the Federal Land Bank as of December 1, 1935, the sum of $5,832.13, which is more than he agreed to pay appellant after he received credit for the $1,000, which he had already paid on said land and the court was asked to require appellant to pay the difference so as to reduce said mortgage to a sum equal to that agreed upon in the contract, less the $1,000 aforesaid, or a balance of $5,022.89 only.

Trial resulted in a decree in appellee's favor holding that he is not delinquent under the terms of his contract with appellant and the decree dismissed appellant's complaint for want of equity.

The trial court was correct in so holding. It is undisputed that appellee paid the $1,000 mentioned in the contract according to the terms thereof, and that he has since paid all sums accruing under the mortgage to the Federal Land Bank that he was required to pay under existing law, because the principal payments due and which would be delinquent, are authorized to be deferred under amendments to the Federal Farm Loan Act, and have been deferred because thereof, and are not delinquent. It is further undisputed that the $1,000 paid was used to pay up appellant's delinquencies as of December 1, 1932. Appellant contends that the following language in the contract: "The balance due on above mortgage as of December 1, 1932, being $6,022.89; the assumption of this mortgage being as of 12-1-32 balance, together with such delinquencies account of principal and interest, taxes, insurance premiums or any other advances," shows that appellee was to pay more than the $6,022.89 mentioned. While the above language might appear to be ambiguous, taken alone, the next clause of the contract clarifies it and makes it certain that the total purchase price to appellee was $6,022.89, and that what followed the mention of that sum in the above-quoted clause of the contract is merely explanatory, showing what enters into the making up of said sum. The next clause is: "As a further considera-

tion purchaser agrees to pay the sum of one thousand ($1,000) dollars which is not in addition to the $6,022.89 but is a payment on same, in the following manner, to-wit.'' This language is too plain for misunderstanding. It necessarily follows that the $6,022.89 was the total purchase price to appellee, and that the $1,000 mentioned in the contract to be paid by appellee as therein set out, while it was to be applied to appellant's delinquencies, it was a part payment of the purchase price which necessarily reduced the total purchase price by said sum. While appellant assumed and agreed to pay the balance due as of December 1, 1932, it was agreed that said balance was the sum stated and that the $1,000 payment, although applied largely to the payment of appellant's delinquencies, it was in reduction by that amount of the total purchase price. The court found that the total delinquencies amounted to $726.59, which was chargeable against the $1,000 payment made by appellee. The result was that appellee was not delinquent, and the court correctly dismissed his complaint.

We find no error, and the judgment is affirmed.